UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **LAMOND L. LATNEY, #1191417** | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Case No.: 2:15cv230 |
| | : |
| **HAROLD W. CLARKE,** | : |
| Director, Virginia Department | : |
| of Corrections | : |
| | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner Lamond L. Latney ("Petitioner" or "Latney"), a Virginia inmate, filed a pro sé petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(l)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is time barred, the undersigned recommends that the Respondent's Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

On June 27, 2006, the Caroline County Circuit Court found Latney guilty of robbery, attempted robbery, and use of a firearm during the commission of a felony. Commonwealth v. Latney, Nos. CR06-0219 to CR06-0221 (Va. Cir. Ct. June 27, 2006). He was sentenced to thirty-three years, with twenty-five of those years suspended. (ECF No. 11-1, at 73-75). Latney did not directly appeal his convictions. See Final Order, Latney v. Johnson, No. CL09-0123 (Va. Cir. Ct. May 18, 2009), available at (ECF No. 11-1, at 76-78).

Latney apparently executed a state habeas petition on May 14, 2008, (ECF No. 5, at 13-

1

14), which was later filed in the Caroline County Circuit Court on February 20, 2009 (ECF No. 11-1, at 77).[1] The petition presented claims in connection with Latney's 2006 convictions. Id. Latney alleged (1) ineffective assistance of counsel stemming from his counsel's failure to investigate whether Latney was related to Harvey Latney, Jr., the Commonwealth's Attorney who prosecuted Petitioner's case, and (2) prosecutorial misconduct in connection with the failure of the Commonwealth's Attorney to recuse himself based on his blood relation with Petitioner. Id. On May 18, 2009, the Circuit Court denied the petition as time barred. Id. at 78. Latney filed a Writ of Error with the same court challenging the denial, but the Circuit Court did not consider the request because Latney filed the writ after the 21-day deadline. (ECF No. 5, at 19-20).

Latney then submitted a petition for a writ of mandamus in the Supreme Court of Virginia, which the Supreme Court denied on March 1, 2010. See Latney v. Clerk, Cir. Ct. Caroline Cnty., No. 092442 (Va. Mar. 1, 2010), available at (ECF No. 5, at 24). The Court also denied Latney's Petition for a Rehearing. See Latney v. Clerk, Cir. Ct. Caroline Cnty., No. 092442 (Va. June 16, 2010), available at (ECF No. 5, at 26). The following year, the same court denied Latney's second petition for a writ of mandamus. See Latney v. Campbell, No. 110973 (Va. Aug. 8, 2011), available at (ECF No. 5, at 29).

In 2013, Latney filed a motion to vacate the May 18, 2009, Caroline County Circuit Court decision in connection with the denial of his state habeas petition. See Latney v. Commonwealth, No. CL13-0194 (Va. Cir. Ct. Jan. 9, 2013). The Circuit Court found that Latney's claim was without merit and dismissed the motion. Order, Latney v. Commonwealth, No. CL13-0194 (Va. Cir. Ct. Feb. 14, 2013), available at (ECF No. 5, at 30). Latney filed a

---

[1] Although it is not necessary to the recommendation reached by this report, the delay in filing appears to have resulted from additional communication with Latney regarding a request to proceed in forma pauperis. (ECF No. 5, at 15-16). As Respondent noted, Latney did not appeal the decision. See (ECF No. 11, at 1-2). Although he filed a Writ of Error, it was untimely. (ECF No. 5, at 19-20).

second motion to vacate, Latney v. Commonwealth, No. CL13-0568 (Va. Cir. Ct. July 11, 2013), but the Circuit Court dismissed this motion as well because it found that it had previously adjudicated the same issue. Order, Latney v. Commonwealth, No. CL13-0568 (Va. Cir. Ct. Sept. 5, 2014), available at (ECF No. 5, at 35). Latney appealed this dismissal to the Supreme Court of Virginia, and the Supreme Court dismissed his appeal on April 16, 2015. Latney v. Commonwealth, No. 141547 (Va. Apr. 16, 2015), available at (ECF No. 5, at 37).

On June 2, 2015,[2] this Court received an untitled and undated petition from Latney. (ECF No. 1). Construing the filing as a petition for habeas relief, the Court requested that Latney amend his petition and submit it in the proper form for applications for habeas corpus. (ECF. No. 2). On July 8, 2015, Latney amended his filing and submitted the current amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 4), and memorandum in support (ECF. No. 5). The amended petition alleges the following:

(1) Failure to comply with Virginia Supreme Court Rule 5A:3 (timely filing by mail): Latney claims to have mailed his original state habeas petition in May 2008, before the statute of limitations expired. Due to an alleged error of the clerk of the Circuit Court, Latney's petition was not filed until February 2009, after the expiration of the limitations period, making his state petition time barred.

(2) Violation of Virginia Supreme Court Rule 3:3 (filing of pleadings): Latney alleges the clerk of the Circuit Court held Latney's petition for seven months before she filed it, causing it to be time barred and denying him access to the courts.

(3) Violation of Virginia Code § 19.2-155 (disqualification of attorney for Commonwealth): In this claim, Latney argues the Commonwealth's Attorney who prosecuted

---

[2] The earliest possible date of filing of a habeas petition from an incarcerated pro sé litigant is the date the prisoner delivered the petition to prison officials. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 734 (4th Cir. 1991). Latney did not date his original petition. See (ECF No. 1).

Latney's 2006 case is Latney's blood relative. He claims the prosecutor, Harvey Latney, Jr., violated Virginia law when he did not disclose this relationship to the Circuit Court.

(4) Prosecutorial misconduct and violation of Virginia Code § 19.2-155: Here Latney argues the Commonwealth's Attorney behaved dishonestly and deceitfully or misrepresented his relationship with Latney because he denied their blood relation when Latney's counsel raised the issue with him.

(5) Ineffective assistance of counsel: Latney's counsel, he argues, failed to fully investigate a conflict of interest resulting from Latney's alleged blood relation with the Commonwealth's Attorney.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent timely filed an Answer (ECF No. 10) and Motion to Dismiss (ECF No. 9), along with a memorandum in support (ECF No. 11). Respondent argued that Latney's petition is untimely, his claims are improperly raised in a federal petition, and are without merit.

After reviewing each of these arguments, this Report concludes that Latney's federal habeas petition is time barred.

## II. ANALYSIS

### A. Latney's Federal Habeas Petition Is Time Barred.

Latney's entire current petition is barred by the statute of limitations applicable to federal habeas corpus petitions. A federal habeas petition is considered timely field if it is submitted within one year of the date on which a state judgment became final. 28 U.S.C. § 2244(d)(1) (2012).[3] The date of final judgment refers to the conclusion of direct review or the date on which the time for pursuing an appeal of the judgment expired. Id. A properly filed state habeas petition

---

[3] There are three other possible dates on which the statute of limitations could begin. The statute requires the use of the latest date, and neither party argues that subsections (B), (C), or (D) should be the basis for the start date in this case. See 28 U.S.C. § 2244(d)(1)(B), (C), (D).

"with respect to the pertinent judgment" will toll the federal limitations period. 28 U.S.C. § 2244(d)(2). However, federal courts will not consider habeas petitions filed after the expiration of the statute of limitations, unless grounds for equitable tolling exist. Holland v. Florida, 560 U.S. 631, 634 (2010).

Latney had thirty days to file a notice of appeal from June 27, 2006, the date of his state conviction. See Va. Sup. Ct. R. 5A:6(a) (2015). Latney did not directly appeal his conviction; thus, the judgment became final on July 27, 2006, the date on which the time for an appeal expired. The statute of limitations for the federal habeas petition began to run on the same day, and Latney had until July 27, 2007, to file a federal petition. Latney filed his habeas petition in this Court on June 2, 2015, nearly eight years after the statute of limitations expired.

Under Section 2244(d)(2), an "application for State post-conviction or other collateral review" will toll the federal limitations period. Latney has disputed the filing date of his state habeas petition. He contends in his application to this Court that he submitted his state petition to the Caroline County Circuit Court in May 2008, although the Circuit Court did not consider it filed until February 2009. The disagreement does not affect this Court's determination because even the earlier of these dates exceeded the federal statutory due date by over nine months. As a result, the state habeas proceeding did not toll the federal limitations period. See Edwards v. Warden, No. 1:12cv969 (AJT/TRJ), 2013 WL 4040393, at *2 (E.D. Va. Aug. 8, 2013) (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled")). Thus, Latney's federal petition is untimely, unless equitable

tolling applies.

## B. Equitable Tolling Does Not Apply to Latney's Claims.

Although Latney argues that equitable tolling applies to his otherwise untimely claims, he fails to establish any grounds for equitable tolling. Petitions filed pursuant to 28 U.S.C. § 2254 are subject to equitable tolling in rare circumstances when a petitioner is able to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way," preventing him from meeting the statutory filing deadline. Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the application of equitable tolling "must be guarded and infrequent"). Petitioners bear the burden of establishing grounds for equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Latney did not meet his burden of proving the necessary grounds for equitable tolling. First, he did not establish that he diligently pursued his rights because he did not exercise "reasonable diligence." Holland, 560 U.S. 631, 653. In Holland, the U.S. Supreme Court found that the petitioner met this prong because he "wrote his attorney numerous letters seeking crucial information" and also contacted various third parties over and over to have his attorney removed from his case. Id. By contrast, Latney's petition did not specify actions that demonstrate consistent efforts to pursue his case before the expiration of the statute of limitations. Additionally, the current petition is nearly eight years past the statutory deadline, more than a slight delay. See Scott v. Clarke, No. 3:14CV134, 2014 WL 6712678, at *4 (E.D. Va. Nov. 26, 2014) (finding that the petitioner did not demonstrate that "he acted with requisite diligence" when he waited nearly two years and seven months to file his federal habeas petition and "has not provided any specific facts relating to his efforts to pursue his § 2254 Petition during the one-

year period" before the statute of limitations expired).

Second, Latney did not allege the existence of extraordinary circumstances in connection with his federal habeas petition. Although he claimed that certain circumstances were beyond his control and prevented him from timely filing his <u>state</u> habeas petition, Latney did not explain why these or any other circumstances would have delayed the filing of his federal petition. For the purposes of equitable tolling, Latney did not assert facts which could possibly constitute extraordinary circumstances affecting the filing of his federal petition prior to the statutory due date. Therefore, Latney is not entitled to equitable tolling of the statute of limitations, and his federal habeas petition is time barred.

## C. **Latney's Claims Alleging Violations of Virginia Supreme Court Rules in Connection with His State Habeas Petition Are Improperly Raised in a Federal Habeas Petition.**

Latney's allegations relating to filing delays under Virginia Supreme Court rules also do not challenge his state custody determination based on federal law, and he may not properly raise them in a federal habeas petition. A person in custody pursuant to a state court judgment may raise claims in a federal habeas petition "on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012). Latney's first two claims allege errors by the Circuit Court clerk in the filing of Latney's state habeas petition. Latney's claims rely on alleged violations of Virginia Supreme Court rules, which, according to Latney, led the Circuit Court to improperly dismiss his state habeas petition as time barred. These claims do not challenge Latney's state custody determination nor do they allege violations of the U.S. Constitution or federal law. Moreover, Latney did not appeal the state habeas court's action. Because Latney based these two claims on violations of state procedural rules unrelated to the state custody judgment resulting in his detention, they are not properly

raised in this Court in a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Accordingly, Latney's claims relating to errors by the Circuit Court clerk in receiving and filing Latney's state habeas petition are improper in this Court, as well as time barred.

### III. RECOMMENDATION

For the foregoing reasons, Latney's petition is time barred and is not eligible for equitable tolling. The undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Latney's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985);

Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                  /s/  
                                     Douglas E. Miller  
                                     United States Magistrate Judge

                                  DOUGLAS E. MILLER  
                                  UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 2, 2015.

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to

**Lamond L. Latney**
No. 1191417
Lawrenceville Correctional Center
1607 Planters Rd
Lawrenceville, VA 23868

and an electronic copy was provided to:

**Michael T. Judge**
Office of the Attorney General (Richmond)
900 E Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

November 2, 2015